UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMES ERNEST FRYE, JR.,

      Plaintiff,

v.                      Case No: 2:16-cv-832-FtM-29MRM

WILLIAM H. BARBOUR, JR.,
Judge, GREGORY K. DAVIS,
Prosecutor, UNITED STATES
OF AMERICA, and U.S.
DISTRICT COURT, SOUTH
DISTRICT OF MISSISSIPPI,

      Defendants.

---

## ORDER OF DISMISSAL

Plaintiff James Ernest Frye, Jr. initiated this action on November 14, 2016 by filing a pleading entitled "Verified Amended Complaint Bill in Equity" (Doc. 1). He subsequently filed another pleading entitled "Amended Bill in Equity in Exclusive Equity" (Doc. 15, filed April 24, 2017). Plaintiff purports to file suit against the United States of America, the United States District Court for the Southern District of Mississippi, United States District Judge William H. Barbour, and United States Attorney Gregory K. Davis. Id. Plaintiff proceeds *pro se* and has paid the filing fee (Receipt No. FTM010361). The United States of America and its District Court for the Southern District of Mississippi move to dismiss this this case with prejudice as frivolous and pursuant to Rules 12(b)(1), (5), and (6) of the Federal Rules of

Civil Procedure (Doc. 14).  They also filed an amended motion to dismiss after Plaintiff's amended pleading (Doc. 16).  Plaintiff filed a response in opposition to the motions to dismiss (Doc. 18).

The Court construes Plaintiff's pleadings liberally and concludes that they do not contain any claims upon which relief can be granted.  Accordingly, Plaintiff's action is dismissed for failure to state a claim upon which relief may be granted and as frivolous.  28 U.S.C. § 1915A(b)(1); Fed. R. Civ. P. 8, 10, and 12(b)(6).  Because this action is dismissed under § 1915A, the Court will not separately consider the arguments in the defendants' motions to dismiss, and they are dismissed without prejudice.

## I.    Pleadings

Plaintiff asserts that he is a "guest" at the United States Penitentiary in Coleman, Florida (Doc. 15 at 2).[1]  He appears to argue that he is entitled to monetary relief because he has satisfied a judgment in his criminal case (Doc. 15 at 4-5).  The remainder of Plaintiff's pleadings make little sense.  He asserts that United States birth certificates were created by the defendants "to rob 'We the People,' which includes every individual

---

[1] Plaintiff's filings are difficult to decipher and contain completely irrational and wholly incredible allegations.  Because Plaintiff's pleadings are incomprehensible, it is impossible to determine whether venue is proper in this Court.

Private American National Citizen, first of our sovereignty as a
People, then our constitutionally-created status, and ultimately
our lives, fortunes and sacred honor." (Doc. 15-3 at 4). He
further asserts that his birth certificate, functioning as a
business instrument:

> has hoodwinked Private American National
> Citizen James Ernest Frye Jr., allegedly named
> on said certificate, into an unknown and
> covert implied contract by operation of law,
> placing Affiant and fellow Private American
> National Citizens under an alien, foreign and
> yet "temporary," *de facto* military
> jurisdiction of the United States created at
> first by the "Emergency Banking Relief Act,"
> its initial paragraphs containing a
> congressionally-amended WWI statute known as
> the "Trading with the Enemy Act" codified as
> 12 USC 95a, and secondly by President Franklin
> D. Roosevelt's Emergency War Powers
> Proclamation 2040 decreed on March 9, 1933.

*Id.* at 4. As relief, Plaintiff seeks monetary damages (Doc. 15
at 11).

## II.  Standard of Review

### a.  28 U.S.C. § 1915A and Rule 12(b)(6) of the Federal Rules of Civil Procedure

Pursuant to 28 U.S.C. § 1915A, this Court must review all
civil complaints in which a prisoner seeks redress from a
governmental entity or officer or employee of a governmental
entity. See In re Prison Litigation Reform Act, 105 F.3d 1131,
1134 (6th Cir. 1997) ("District courts are required to screen
[pursuant to section 1915A] all civil cases brought by prisoners,

regardless of whether the inmate paid the full filing fee, is a pauper, is *pro se*, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners"). Section 1915A provides, in relevant part:

> (a) The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
>
> (b) On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint if the complaint-
>
> > (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> >
> > (2) seeks monetary relief from a defendant who is immune from such relief.
>
> (c) As used in this section, the term prisoner means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program.

28 U.S.C. § 1915A(a)-(c).

A complaint is "frivolous . . . where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). Dismissals on this ground should only be ordered when the

legal theories are "indisputably meritless," <u>Neitzke</u>, 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." <u>Denton v. Hernandez</u>, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). <u>Mitchell v. Farcass</u>, 112 F.3d 1483, 1490 (11th Cir. 1997). The Court may dismiss a complaint pursuant to Rule 12(b)(6) if it fails to contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (citing <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).

**b. Rules 8 and 10 of the Federal Rule of Civil Procedure**

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include a "short and plain statement of the claim" with "simple, concise, and direct" allegations. Fed. R. Civ. P. 8(a)(2), (d)(1). "The point [of Rule 8] is to give the defendant fair notice of what the claim is and the grounds upon which it rests." <u>Harrison v. Benchmark Elecs. Huntsville, Inc.</u>, 593 F.3d 1206, 1214 (11th Cir. 2010) (internal quotations omitted). A "shotgun pleading" where "it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" does not comply with that standard. <u>See Anderson v. Dist. Bd. of Trs. of Ctr. Fla. Cmty. Coll.</u>, 77 F.3d 364, 366–67 (11th Cir. 1996).

Rule 10 of the Federal Rules further provides that, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b). Rules 8 and 10 work together and "'require the pleader to present his claims discretely and succinctly, so that his adversary can discern what he is claiming and frame a responsive pleading, the court can determine which facts support which claims and whether the plaintiff has stated any claims upon which relief can be granted, and, at trial, the court can determine that evidence which is relevant and that which is not.'" Fikes v. City of Daphne, 79 F.3d 1079, 1082 (11th Cir. 1996) (citation omitted). If the Court concludes that a plaintiff's complaint has failed to meet the requirements of Rule 8(a) or 10(b), it may dismiss the complaint sua sponte for failure to state a claim. Driessen ex rel. B.O. v. Florida Dep't of Children & Families, No. 09-13149, 2009 WL 3471302 *1 (11th Cir. 2009) (affirming district court's sua sponte dismissal under Rule 8(a) for failure to state a claim).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)).

Nevertheless, *pro se* litigants are not exempt from complying with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s pleading standard. <u>GJR Investments, Inc. v. Cnty. of Escambia</u>, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of *pro se* litigants this leniency does not give a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action[.]" (internal citations omitted)), <u>overruled on other grounds as recognized in</u> <u>Randall v. Scott</u>, 610 F.3d 701, 706 (11th Cir. 2010); <u>see also</u> <u>Moon v. Newsome</u>, 863 F.2d 835, 837 (11th Cir. 1989) (stating that *pro se* litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure").

### III. Analysis

Even liberally construed, Plaintiff's "Bill in Equity" filings are confusing, incoherent, and unintelligible. The pleadings fail to comply with Federal Rule of Civil Procedure 8. They do not state "simple, concise, and direct" allegations against any defendant. Plaintiff's filings also fail to state a claim against any defendant that is remotely plausible on its face. 28 U.S.C. § 1915A; Fed. R. Civ. P. 12(b)(6); <u>Iqbal</u>, 556 U.S. at 678.

For example, Plaintiff's pleadings make references to the "Trading With the Enemy Act" (Doc. 15-2 at 4). The Trading with the Enemies Act was enacted to allow allies and non-enemies to recover property vested with the United States government during

World War I and World War II.  See Schilling v. Rogers, 363 U.S. 666, 667 (1960).  Plaintiff does not allege facts showing that he has any right to relief pursuant to the Trading with the Enemies Act.  See Bechard v. Rios, No. 14-cv-867-wmc, 2014 WL 7366226, *1 (W.D. Wis. Dec. 24, 2014) (dismissing a complaint with prejudice where the pro se plaintiff failed to state a plausible claim pursuant to the Trading with the Enemies Act).

Plaintiff also cites to the "Emergency Banking Relief Act" (Doc. 15-2 at 4, 9).  The National Emergency Banking Relief Act, codified at 12 U.S.C. § 95, was passed by Congress in 1933 and deals with the solvency of banks and the operation of the Federal Reserve System during emergencies.  Plaintiff offers no allegations that could provide him with relief pursuant to the Emergency Banking Relief Act.  Cearley v. United States, 119 Fed. Cl. 340, 344 (Fed. Cl. Dec. 8, 2014) (dismissing a pro se complaint for failing to state a claim pursuant to the Emergency Banking Relief Act); Hardgrove v. Georgia, No. 5:11-cv-349 (CAR), 2011 WL 4526755, *2 (M.D. Ga. Sept. 28, 2011) (dismissing as frivolous a pro se complaint based on the Emergency Banking Relief Act).

It also appears that Plaintiff may be attempting to raise a claim that this Court lacks jurisdiction over him and that he is a sovereign citizen, not subject to the laws of the United States of America (Doc. 1; Doc. 15; Doc. 15-3).  However, the courts that have considered such "sovereign citizen" claims have found them to

be frivolous. <u>See</u> <u>United States v. Sterling</u>, 738 F.3d 228, 233 n.1 (11th Cir. 2013) (recognizing that courts routinely reject "sovereign citizen" claims as frivolous); <u>United States v. Benabe</u>, 654 F.3d 753, 767 (7th Cir. 2011) ("Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."); <u>Akbar v. Clarke</u>, No. 1:15cv338, 2016 WL 4150456, at *7 (E.D. Va. Aug. 1, 2016) (noting that sovereign citizen claims are "wholly frivolous").

Finally, the issuance of Plaintiff's birth certificate did not create a fictitious legal entity simply by capitalizing Plaintiff's name (Doc. 15-3 at 8), and it did not turn such artificial person into an enemy of the state under the Emergency Banking Relief Act of 1933 or the Trading with the Enemy Act of 1917. Moreover, Plaintiff cannot bind the defendants to his fictitious notions and nonsensical procedural documents by demanding responses or rebuttals to his self-executed "Notice of Fault" within 10 or 20 days (Doc. 15 at 5). The courts have repeatedly rejected such "redemptionist" arguments as utterly frivolous.[2] <u>See</u> <u>Muhammad v. Smith</u>, No. 3:13-cv-760, 2014 WL

---

[2] Redemptionist theory, a tenant of the sovereign citizen

3670609, at *2 (N.D.N.Y. July 23, 2014) ("Theories presented by redemptionist and sovereign citizen adherents have not only been rejected by the courts, but also recognized as frivolous and a waste of court resources.") (collecting cases).

Because this action is dismissed under 28 U.S.C. § 1915A as frivolous and under Rules 8 and 10 of the Federal Rules of Civil Procedure, the Court need not consider the arguments raised in the defendants' motions to dismiss.

---

movement, propounds that:

> [A] person has a split personality: a real person and a fictional person called the "strawman." . . . Redemptionists claim that government has power only over the strawman and not over the live person, who remains free [and, thus,] individuals can free themselves by filing UCC financing statements, thereby acquiring an interest in their strawman. Thereafter, [pursuant to this "theory,"] the real person can demand that government officials pay enormous sums of money to use the strawman's name or, in the case of prisoners, to keep him in custody. If government officials refuse, [adherents of this scheme] file liens against [government officials]. Adherents of this scheme also advocate that [they] copyright their names to justify filing liens against officials using their names in public records such as indictments or court papers.

<u>Monroe v. Beard</u>, 536 F.3d 198, 203 (3d Cir. 2008). Plaintiff asserts that equity jurisprudence and the Uniform Commercial Code requires his release "by means of a duly filed and publicly recorded '**Release Without Consideration –*Nunc Pro Tunc Ab Initio.*'**" (Doc. 15-3 at 6) (emphasis in original).

## IV.  Conclusion

The Court finds that Plaintiff's pleadings do not provide the defendants with fair notice of the wrongs they have allegedly committed and they are dismissed pursuant to Rule 8 of the Federal Rules of Civil Procedure.  The Court additionally finds that Plaintiff's action is frivolous and does not state a claim upon which relief may be granted.  Amendment is not permitted as it is apparent from Plaintiff's pleadings that granting leave to amend would be futile. <u>Mitchell v. Thompson</u>, 564 F. App'x 452, 456 (11th Cir. 2014) (affirming denial of pro se plaintiff's motion for leave to amend based on futility of amendment).  Because this action is dismissed, the Court will not consider the arguments raised in the defendants' motions to dismiss.

ACCORDINGLY, it is hereby

**ORDERED:**

1.  Plaintiff's "Verified Amended Complaint Bill in Equity" (Doc. 1) and "Amended Bill in Equity in Exclusive Equity" (Doc. 15) are **DISMISSED** as frivolous and for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915A(1).  The pleadings are also dismissed under Rules 8 and 10 of the Federal Rules of Civil Procedure.

2.  The defendants' motions to dismiss (Doc. 14; Doc. 16) are **DISMISSED** without prejudice as moot.

3. The **Clerk of Court** is directed to terminate any pending motions, close this case, and enter judgment accordingly.

**DONE** and **ORDERED** in Fort Myers, Florida on this ___22nd___ day of September, 2017.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: OrlP-4
Copies: James Ernest Frye, Jr.
Counsel of Record